**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CONTINENTAL RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-00200-PRW |
| | ) | |
| WOLLA OILFIELD SERVICES LLC, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS**

Defendant, Wolla Oilfield Services LLC, hereby provides the following in response to Plaintiff Continental Resources, Inc.'s *Second Amended Complaint and Jury Demand* (Doc. 25) ("Complaint"). Defendant denies all allegations in the Complaint except as expressly admitted herein and reserves the right to amend and/or supplement its Answer and to assert additional Affirmative Defenses that may become relevant or apparent through the course of discovery or otherwise during the course of litigation.

**INTRODUCTION**

1. Defendant admits that it and Plaintiff were parties to a master service contract regarding the provision of hot oil services for Plaintiff's well in North Dakota. Defendant denies the remaining averments contained in Paragraph 1 and demands strict proof thereof.

2. Defendant denies the averments contained in Paragraph 2 and demands strict proof thereof.

**PARTIES**

3. Defendant admits the averments contained in Paragraph 3.

4.    Defendant denies that Samantha Oyloe is a member as alleged in Paragraph 4. Defendant admits the remaining averments in Paragraph 4.

## JURISDICTION AND VENUE

5.    The averments contained in Paragraph 5 state a legal conclusion to which no response is required.

6.    The averments contained in Paragraph 6 state a legal conclusion to which no response is required.

7.    Defendant denies the averments in Paragraph 7 that a substantial part of the events giving rise to this claim occurred in the Western District of Oklahoma and that Plaintiff received and paid fraudulent invoices.  The remaining averments contained in Paragraph 7 state a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

8.    Defendant admits that it and Plaintiff entered into a master service contract ("MSC") on or about April 4, 2016 and provided hot oil services for Continental's oil wells in North Dakota.  As for the remaining averments in Paragraph 8, the MSC is a written document which speaks for itself, and Defendant denies any averments contrary thereto.

9.    Defendant admits the averments contained in Paragraph 9.

10.    Defendant admits that it attached supporting documentation, including invoices and work tickets, to invoices it submitted in North Dakota to Plaintiff using an online system.  Defendant denies the remaining averments in Paragraph 10.

11.    Defendant denies that the MSC requires that "all invoices, financial settlements, billings and reports submitted to Continental would accurately reflect the work

done." For further answer, the MSC identified in Paragraph 11 is a written document which speaks for itself, and Defendant denies any averments contrary thereto.

12.    The MSC identified in Paragraph 12 is a written document which speaks for itself, and Defendant denies any averments contrary thereto. For further answer, the averments contained in Paragraph 12 state a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the averments contained in Paragraph 12.

13.    Defendant admits that, during the referenced timeframe, Defendant generally billed Plaintiff on a biweekly basis for the services it performed. Defendant further admits that, during the referenced timeframe, it billed Plaintiff in excess of $6.5 million. Defendant denies any remaining averments contained in Paragraph 13 and demands strict proof thereof.

14.    Defendant is without sufficient knowledge or information to admit or deny the averments in Paragraph 14 regarding what it may have been told by the alleged "whistleblower" and such averments are therefore denied. Defendant denies all remaining averments contained in Paragraph 14 and demand strict proof thereof.

15.    Defendant denies the averments contained in Paragraph 15 and demands strict proof thereof.

16.    Defendant is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 16 and such averments are therefore denied.

17.     Defendant admits the averments contained in the first sentence in Paragraph 17.  Defendant denies all remaining averments contained in Paragraph 17 and demands strict proof thereof.

18.     Defendant admits the averments contained in the last sentence in Paragraph 18.  Defendant denies all remaining averments contained in Paragraph 18 and demands strict proof thereof.

19.     Defendant states that the assurance referenced in Paragraph 19 comes from a written document which speaks for itself, and Defendant denies any averments contrary thereto.

20.     Defendant denies the averments contained in Paragraph 20 and demands strict proof thereof.

21.     Defendant denies the averments contained in Paragraph 21 and demands strict proof thereof.

22.     Defendant denies the averments contained in Paragraph 22 and demands strict proof thereof.

23.     Defendant denies the averments contained in Paragraph 23 and demands strict proof thereof.

24.     Defendant is without sufficient knowledge or information to admit or deny the averments in Paragraph 24 that Plaintiff installed cameras at various well sites serviced by Defendant, and such averments are therefore denied.  Defendant denies the remaining averments contained in Paragraph 24 and demands strict proof thereof.

25.     The invoices referenced in Paragraph 25 are written documents which speak for themselves, and Defendant denies any averments contrary thereto.  Defendant is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 25 regarding what the alleged surveillance videos may show, and such averments are therefore denied.  Defendant denies the remaining averments in Paragraph 25.

26.     The invoices referenced in Paragraph 26 are written documents which speak for themselves, and Defendant denies any averments contrary thereto.  Defendant is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 26 regarding what the alleged surveillance videos may show, and such averments are therefore denied.  Defendant denies the remaining averments in Paragraph 26.

27.     Defendant denies the averments contained in Paragraph 27 and demands strict proof thereof.

28.     Defendant denies the averments contained in Paragraph 28 and demands strict proof thereof.

29.     Defendant denies the averments contained in Paragraph 29 and demands strict proof thereof.

30.     Defendant is without sufficient knowledge or information to admit or deny the averments contained in Paragraph 30.

## COUNT I – BREACH OF CONTRACT

31. Defendant incorporates paragraphs 1 through 30 above as if set forth fully herein.

32. Defendant admits that it and Plaintiff entered into a master service contract on or about April 4, 2016.

33. The averments contained in Paragraph 33 state a legal conclusion to which no response is required.

34. The MSC described in Paragraph 34 is a written document which speaks for itself, and Defendant denies any averments contrary thereto. The remainder of the averments contained in Paragraph 34 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the averments in this paragraph.

35. The MSC described in Paragraph 35 is a written document which speaks for itself, and Defendant denies any averments contrary thereto.

36. The MSC described in Paragraph 36 is a written document which speaks for itself, and Defendant denies any averments contrary thereto.

37. Defendant denies the averments contained in Paragraph 37 and demands strict proof thereof.

38. Defendant denies the averments contained in Paragraph 38 and demands strict proof thereof.

## COUNT II – OKLAHOMA CONSUMER PROTECTION ACT

39.    Defendant incorporates paragraphs 1 through 38 above as if set forth fully herein.

40.    Defendant denies the averments contained in Paragraph 40 and demands strict proof thereof.

41.    Defendant denies the averments contained in Paragraph 41 and demands strict proof thereof.

42.    Defendant denies the averments contained in Paragraph 42 and demands strict proof thereof.

43.    Defendant denies the averments contained in Paragraph 43 and demands strict proof thereof.

## COUNT III – ACTUAL FRAUD

44.    Defendant incorporates paragraphs 1 through 43 above as if set forth fully herein.

45.    Defendant denies the averments contained in Paragraph 45 and demands strict proof thereof.

46.    Defendant denies the averments contained in Paragraph 46 and demands strict proof thereof.

47.    Defendant denies the averments contained in Paragraph 47 and demands strict proof thereof.

48.    Defendant denies the averments contained in Paragraph 48 and demands strict proof thereof.

49.     Defendant denies the averments contained in Paragraph 49 and demands strict proof thereof.

## COUNT IV – CONSTRUCTIVE FRAUD

50.     Defendant incorporates paragraphs 1 through 49 above as if set forth fully herein.

51.     Defendant admits it sent Plaintiff invoices containing the extent and nature of the work Defendant performed.  Defendant denies the remaining averments contained in Paragraph 51.

52.     Defendant denies the averments contained in Paragraph 52 and demands strict proof thereof.

53.     Defendant denies the averments contained in Paragraph 53 and demands strict proof thereof.

54.     Defendant admits that Plaintiff has paid some of Defendant's invoices. Defendant denies the remaining averments contained in Paragraph 54 and demands strict proof thereof.

55.     Defendant denies the averments contained in Paragraph 55 and demands strict proof thereof.

## COUNT V – UNJUST ENRICHMENT

56.     Defendant incorporates paragraphs 1 through 55 above as if set forth fully herein.

57.     Defendant admits the averments contained in Paragraph 57.

58.    Defendant denies the averments contained in Paragraph 58 and demands strict proof thereof.

59.    Defendant denies the averments contained in Paragraph 59 and demands strict proof thereof.

60.    Defendant denies the averments contained in Paragraph 60 and demands strict proof thereof.

61.    Defendant denies the averments contained in Paragraph 61 and demands strict proof thereof.

## PRAYER FOR RELIEF

62.    Defendant states that no response is required to the "WHEREFORE" (or prayer) Paragraph in Plaintiff's Complaint.  However, to the extent a response may be required, Defendant denies that Plaintiff is entitled to the relief sought therein.

## DEMAND FOR JURY TRIAL

63.    Defendant states that no response is required to this Paragraph.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses without assuming any burden of proof or production that would otherwise rest on Plaintiff.

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    Plaintiff cannot establish the requisite elements of its claims.

3.    Plaintiff's damages, if any, were caused by Plaintiff's own conduct, acts, and/or omissions.

9

4.	Plaintiff's claims are barred by the doctrines of promissory estoppel, waiver, estoppel, accord and satisfaction, unclean hands, course of performance, and/or ratification.

5.	Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, contractual limitations, statute of repose, and/or the doctrine of laches.

6.	Plaintiff affirmed and ratified the conduct of Defendant, and therefore, Plaintiff is precluded from recovery against Defendant.

7.	Plaintiff consented to all acts or omissions alleged to have been committed by Defendant.

8.	Defendant satisfied any and all obligations and duties owed to Plaintiff.

9.	The acts or omissions of Plaintiff frustrated Defendant's ability to comply with the parties' contractual agreement and/or made compliance/performance under the parties' contractual agreement impossible and/or impracticable.

10.	Plaintiff is barred from recovery by the doctrine of unjust enrichment.

11.	Plaintiff failed to act in good faith in its dealings with Defendant.

12.	Plaintiff's claims and requested relief are subject to offset and/or set off.

13.	Plaintiff failed to mitigate its damages, if any.

14.	Any liability for the claims asserted by Plaintiff is the responsibility of third parties over whom Defendant has no control and for whom Defendant is not legally responsible.

15.	Defendant specifically reserves the right to assert additional defenses and/or add parties that may become known to it during the course of discovery

**Jury Trial Demand**

16.    Defendant demands a jury trial upon the claims and issues set forth in this action to which it is entitled to a jury trial.

WHEREFORE, Defendant Wolla Oilfield Services LLC respectfully prays that Plaintiff take nothing by way of its Complaint, that such Complaint be dismissed, and Defendant be awarded damages, fees, costs and expenses, and all other relief the Court deems just and equitable.

**COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counter-Plaintiff Wolla Oilfield Services LLC asserts the following Counterclaims against Plaintiff/Counter-Defendant Continental Resources, Inc.:

**PARTIES**

1.    Defendant/Counter-Plaintiff Defendant, Wolla Oilfield Services LLC, ("Wolla Oilfield") is a limited liability company organized under the laws of North Dakota with its principal place of business located in North Dakota.

2.    Plaintiff/Counter-Defendant Continental Resources, Inc. ("Continental") is an Oklahoma corporation with its principal place of business located in Oklahoma City, Oklahoma.

**JURISDICTION AND VENUE**

3.    Under 25 U.S.C. § 1367, this Court has supplemental jurisdiction over Wolla Oilfield's counterclaims because this Court has original jurisdiction over some of

11

Continental's claims in this action and Wolla Oilfield's counterclaims are related to those claims.

4.      Venue is proper in this Court under 28 U.S.C. § 1391 because Continental is a resident of this judicial district.

**FACTUAL BACKGROUND**

5.      During the time period of early 2017 to October 2019, Wolla Oilfield provided oil field services, including hot oil services, to Continental on wells located in North Dakota.   These oil field services were provided pursuant to requests from Continental.

6.      On many occasions in 2017, 2018, and 2019, Continental paid Wolla Oilfield for the services it provided.

7.      In or around July 2019, Continental stopped paying some of the invoices submitted by Wolla Oilfield for the services it provided.

8.      The total amount that Continental has refused or otherwise failed to pay and that is owed by Continental to Wolla Oilfield for the oil field services provided is approximately $867,733.

**COUNT I – QUANTUM MERUIT/UNJUST ENRICHMENT**

9.      Wolla Oilfield incorporates paragraphs 1 through 8 above as if set forth fully herein.

10.      As described above, Wolla Oilfield provided valuable oilfield services to Continental.

11.      Wolla Oilfield reasonably expected to be paid for its services.

12

12. Continental accepted the valuable services provided by Wolla Oilfield under circumstances which would reasonably notify Continental that Wolla Oilfield expected to be paid for its services, but Continental has failed to pay Wolla Oilfield for the value of said services.

13. Continental profited and benefited from the services provided by Wolla Oilfield.

14. As a result, Continental has been unjustly enriched at the expense of Wolla Oilfield.

15. Continental received and retained substantial value from the services provided by Wolla Oilfield that in equity and good conscience it should not be allowed to retain without paying for such services.

## COUNT II – BREACH OF CONTRACT

16. Wolla Oilfield incorporates paragraphs 1 through 15 above as if set forth fully herein.

17. Wolla Oilfield and Continental entered into a master service contract (see Doc. 25-1) ("MSC") on or about April 4, 2016 regarding the performance of oil field services by Wolla Oilfield in exchange for payment from Continental.

18. The MSC is a valid and enforceable agreement but does not contain any terms regarding the work to be performed or the pricing for such work.

19. The parties agreed that Wolla Oilfield would perform various "schedule work" on a schedule for certain wells, and other "call-out work" for wells on an as-needed

basis. The parties agreed that the routine "schedule work" would be billed at a set rate, unless more than the normal treatment was needed.

20.    Wolla Oilfield, at all relevant times, substantially performed all its duties and responsibilities under the agreement with Continental.

21.    Through its actions as set forth herein, Continental has materially breached express and implied duties owed under the agreement, including failing to pay Wolla Oilfield for the services it provided under the agreement.

22.    As a result of Continental's breach, Wolla Oilfield has suffered significant damages in an amount to be proven at trial but in excess of $75,000.

## JURY DEMAND

23.    Wolla Oilfield hereby demands a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, Wolla Oilfield respectfully requests that the Court enter judgment against Continental and award Wolla Oilfield: the value of the services provided to Continental, or in the alternative, its damages incurred due to Continental's breach of the parties' agreement in an amount to be proven at trial but in excess of $75,000; pre- and post-judgment interest; its costs and reasonable attorney's fees; and such other and further relief which the Court deems is just and proper.

14

Respectfully submitted,


*s/Daniel G. Webber, Jr.*
Daniel G. Webber, Jr., OBA No. 16332
Chance L. Pearson, OBA No. 22269
RYAN WHALEY
400 North Walnut Avenue
Oklahoma City, OK  73104
Telephone:   (405) 239-6040
Facsimile:   (405) 239-6766
Emails:       dwebber@ryanwhaley.com
               cpearson@ryanwhaley.com

John T. Gerhart, Jr. (*pro hac vice*)
Texas Bar No. 00784122
Grayson L. Linyard (*pro hac vice*)
Texas Bar No. 24070150
Hunton Andrews Kurth LLP
1445 Ross Avenue, Suite 3700
Dallas, TX  75202-2799
Telephone:   (214) 979-3000
Facsimile:   (214) 740-7110
Emails:       jgerhart@HuntonAK.com
               glinyard@HuntonAK.com


*Attorneys for Defendant,*
*Wolla Oilfield Services LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2021, I electronically transmitted the attached document to the Clerk of Court using the Electronic Filing System for filing.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.


*s/Daniel G. Webber, Jr.*
Daniel G. Webber, Jr.


15